IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS R. MUÑIZ,** | |
| Petitioner, | **CIVIL NO. 17-1310 (DRD)** |
| v. | (Criminal Case No. 13-694-06) |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

**OPINION AND ORDER**

Pending before the Court is Petitioner, Carlos R. Muñiz' *Motion to Correct Sentence under 28 U.S.C. § 2255* (Dkt. No. 1). The United States of America has submitted its respective response in opposition thereto (Dkt. No. 20). For the reasons stated herein, the Court **DENIES** the petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255. *See* Dkt. No. 1.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2019, a Grand Jury returned a Five-Count Indictment against eleven (11) defendants, including the petitioner. Specifically, the petitioner was charged for conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (hereinafter, "Count One"); interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (hereinafter, "Count Two"); and use, carry and brandish a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (hereinafter, "Count Four"). *See* Dkt. No. 3 in criminal case no. 13-0694 (DRD). The petitioner eventually entered a guilty plea as to Counts Two and Four. *See Plea Agreement*, Dkt. No. 182

in criminal case no. 13-694 (DRD). Accordingly, on May 13, 2014, the petitioner was sentenced to a term of imprisonment of 41 months as to Count Two and 60 months as to Count Two, to be served consecutively with each other for a total imprisonment term of 101 months. *See* Dkt. No. 270 in criminal case no. 13-694 (DRD). Judgment was entered on that same date. *See Id.* As the petitioner did not file a Notice of Appeal, his sentence became effective fourteen (14) days thereafter, that is, on May 27, 2014.

Then, on March 3, 2017, the petitioner initiated the instant matter pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) claiming that as the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (hereinafter, *Johnson II*) struck for vagueness the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), it invalidates the similarly worded residual clause of § 924(c)(3)(B). *See* Dkt. No. 1.

On November 15, 2018, the Government filed a *Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255* (Dkt. No. 20) averring that the First Circuit has recently held that aiding and abetting a Hobbs Act robbery is a crime of violence under § 924(c)'s force clause. Thus, petitioner's § 2255 must be dismissed.

For the reasons articulated below, the Court must **DENY** the petitioner's motion to correct sentence. *See* Dkt. No. 1.

### I. LEGAL ANALYSIS

Under § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of the following: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without

jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner's § 2255 action is based on his contention that (1) § 924(c)'s residual clause is unconstitutionally vague after *Johnson II*; (2) a Hobbs Act robbery fails to categorically qualify as a crime of violence under § 924(c)'s force clause, 18 U.S.C. § 924(c)(3)(A), "because the offense can be accomplished by putting someone in 'fear of injury' to his person or property, which does not require the use, attempted use, or threatened use of 'violent force'"; (3) "because the act of putting someone in fear of future injury can be accomplished without the intentional use of violent force, the offense does not surmount the intentional mens rea threshold required under Section 924(c)'s force clause; and (4) "aiding and abetting does not require the use of violent force." Dkt. No. 1 at 2.

Petitioner relies on *Welch*, wherein the Court held that Johnson constitutes "a substantive decision and so has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Johnson II*, in turn, held the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court found the residual clause left "grave uncertainty about how to estimate the risk posed by a crime" because it tied "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2253. It also found the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2254. Petitioner sustains that these two holdings apply

3

to his conviction under § 924(c) for aiding and abetting in the use, carry and brandishing of a firearm in furtherance of a crime of violence.

Pursuant to Section 924(c), it is a crime for "any person, who during and in relation to any crime of violence . . . use[] or carr[y] a firearm, or who in furtherance of any such crime possesses a firearm[.]" 18 U.S.C. § 924(C)(1)(A). Further, Section § 924(c) defines a crime of violence under the force clause as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause, in turn, defines a crime of violence as "that by its nature, involv[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The First Circuit has recently held that aiding and abetting a Hobbs Act Robbery[1] is a crime of violence under § 924(c)'s force clause. *See United States v. García-Ortiz*, 904 F.3d 102 (2018). The First Circuit further explained that,

> "To assess whether a predicate crime qualifies as a 'crime of violence' under the force clause of § 924(c), 'we apply a categorical approach. That means we consider the elements of the crime of conviction, not the facts of how it was committed, and assess whether violent force is an element of the crime."

*United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir 2018)(quoting *United States v. Taylor*, 848 F.3d 476, 491 (1st Cir.), *cert. denied*, ____ U.S. ____, 137 S. Ct. 2255, 198 L.Ed.2d 689 (2017). The Hobbs Act Robbery statute, defines the term "robbery" as,

---

[1] "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both. 18 U.S.C. § 1951.

> "[T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, <u>by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property</u>, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."

Id. § 1951(b)(1)(emphasis ours).

After interpreting both statutory provisions, the First Circuit found that the Hobbs Act robbery, "even when based upon a threat of injury to property, requires a threat of the kind of force described in *Johnson I*, that is, "violent force ... capable of causing physical pain or injury." <u>Garcia-Ortiz</u>, 904 F.3d at 107. Therefore, it is the law in the First Circuit that the Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, such that a conviction for Hobbs Act robbery categorically constitutes a "crime of violence" under section 924(c)'s force clause.

Herein, the Petitioner pled guilty to Count Two, interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and Count Four, use, carry and brandish a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. *See* Crim. Case No. 13-0694, Dkt. 270. Considering the First Circuit precedent establishing the Hobbs Act robbery categorically constitutes a "crime of violence" under the force clause of the Armed Career Criminal Act, the Court **DENIES** Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Dkt. No. 1). Judgment of dismissal is to be entered accordingly.

### III. CONCLUSION

For the reasons elucidated above, the Court **DENIES** Petitioner's *Motion to Correct Sentence Under 28 U.S.C. § 2255* (Dkt. No. 1). Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of July, 2019.

*S/ Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge